UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

FILED

JUN 2 2026

U.S. DISTRICT COURT- WVND
WHEELING, WV 26003

UNITED STATES OF AMERICA,

v.

KERR KRIISA,

          Defendant.

Criminal No. 1: 26 cr 29

Violations:     18 U.S.C. § 1343

## INDICTMENT

The Grand Jury charges that:

## COUNTS ONE THROUGH FIVE

(Wire Fraud)

1.     At all relevant times, the defendant, **KERR KRIISA**, was an Estonian national playing college basketball for various universities in the United States.

## THE SCHEME

2.     Beginning in or about at least 2022, and continuing to on or about June 2, 2026, in Monongalia County, in the Northern District of West Virginia, and elsewhere, the defendant, **KERR KRIISA**, devised and intended to devise a scheme and artifice to defraud and obtain money by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing the scheme and artifice to defraud and obtain money, did knowingly transmit and cause to be transmitted in interstate and foreign commerce, by means of wire communications, certain signs and signals.

3.     As part of the scheme, **KERR KRIISA** falsely represented that he and his family faced imminent danger if a victim of his fraudulent scheme did not send him money to pay a debt.

1

4.      As part of the scheme, **KERR KRIISA** posed as a fictional third party to request that a victim of his fraudulent scheme send him money.

5.      As part of the scheme, **KERR KRIISA** posed as a real third party to request that a victim of his fraudulent scheme send him money.

6.      As part of the scheme, **KERR KRIISA** stated falsely that he or a fictional third party did not receive a payment from a victim of his fraudulent scheme as a fraudulent basis for requesting that the person send him a replacement payment.

7.      As part of the scheme, **KERR KRIISA** requested that one of the victims of his fraudulent scheme send money to another victim of his fraudulent scheme based on the false representation that the recipient was merely a third party who had agreed to receive the money and forward it to him.

8.      The scheme involved the following acts, among others, which were committed and caused to be committed in the Northern District of West Virginia and elsewhere.

**VICTIM-1:**

9.      In or about August 2022, **KERR KRIISA** falsely represented to VICTIM-1 that he had obtained a loan to repay her.

10.     In or about November 2022, **KERR KRIISA** falsely told VICTIM-1 that he intended to sell his organs for money to repay her.

11.     In or about the period of 2022 through 2024, **KERR KRIISA**, posing as his mother, sent an email to VICTIM-1 requesting money to pay for his mother's alleged cancer treatments.

12.     In or about the period of 2022 through 2024, **KERR KRIISA**, posing as his mother, sent an email to VICTIM-1 requesting money to help save the family's farm.

2

13.     On or about April 17, 2025, **KERR KRIISA** signed a written agreement, falsely promising to repay VICTIM-1 a total of $100,000 by February 2026.

**VICTIM-2:**

14.     On or about November 18, 2025, **KERR KRIISA**, posing as a fictional person named "Irene," sent an email to VICTIM-2 requesting money.

15.     On or about December 22, 2025, **KERR KRIISA** directed VICTIM-2 to send money to VICTIM-1 based on the false representation that VICTIM-1 would then send the money to him.

16.     On or about December 24, 2025, **KERR KRIISA** directed VICTIM-2 to send money to VICTIM-1 based on the false representation that VICTIM-1 would then send the money to him.

17.     On or about December 26, 2025, **KERR KRIISA** directed VICTIM-2 to send money to VICTIM-1 based on the false representation that VICTIM-1 would then send the money to him.

18.     On or about December 28, 2025, **KERR KRIISA** directed VICTIM-2 to send money to VICTIM-1 based on the false representation that VICTIM-1 would then send the money to him.

19.     On or about December 29, 2025, **KERR KRIISA** directed VICTIM-2 to send money to VICTIM-1 based on the false representation that VICTIM-1 would then send the money to him.

20.     On or about December 29, 2025, **KERR KRIISA**, posing as a fictional person named "Irene," sent an email to VICTIM-2 requesting money.

3

21.     On or about January 1, 2026, **KERR KRIISA** directed VICTIM-2 to send money to VICTIM-1 based on the false representation that VICTIM-1 would then send the money to him.

22.     On or about January 2, 2026, **KERR KRIISA** directed VICTIM-2 to send money to VICTIM-1 based on the false representation that VICTIM-1 would then send the money to him.

23.     On or about January 13, 2026, **KERR KRIISA**, posing as a fictional person named "Irene," sent an email to VICTIM-2 requesting money.

24.     On or about January 25, 2026, **KERR KRIISA**, posing as a fictional person named "Irene," sent an email to VICTIM-2 requesting money.

25.     On or about January 26, 2026, **KERR KRIISA** sent a text message to VICTIM-2 stating falsely that he had communicated with "Irene."

26.     On or about January 27, 2026, **KERR KRIISA**, posing as a fictional person named "Irene," sent an email to VICTIM-2 requesting money.

27.     On or about January 28, 2026, **KERR KRIISA**, posing as a fictional person named "Irene," sent an email to VICTIM-2 requesting money.

28.     On or about January 28, 2026, **KERR KRIISA** sent a text message to VICTIM-2 stating falsely that he had communicated with "Irene."

29.     On or about February 1, 2026, **KERR KRIISA**, posing as a fictional person named "Irene," sent an email to VICTIM-2 requesting money.

30.     On or about February 2, 2026, **KERR KRIISA**, posing as a fictional person named "Irene," sent an email to VICTIM-2 requesting money.

31.     On or about February 2, 2026, **KERR KRIISA** sent a text message to VICTIM-2 stating falsely that he had communicated with "Irene."

32.     On or about February 3, 2026, **KERR KRIISA**, posing as a fictional person named "Irene," sent an email to VICTIM-2 requesting money.

33.     On or about February 4, 2026, **KERR KRIISA** sent a text message to VICTIM-2 denying falsely that "Irene" was a "fake person."

## THE WIRES

34.     On or about the dates listed in the chart below, in Monongalia County, in the Northern District of West Virginia, and elsewhere, the defendant, **KERR KRIISA**, for the purpose of executing and attempting to execute the scheme and artifice to defraud and obtain money by means of materially false and fraudulent pretenses, representations, and promises, knowingly transmitted and caused to be transmitted by means of wire communications in interstate and foreign commerce, the following writings and signals, as more specifically described below, each execution and attempted execution constituting a separate violation:

| COUNT | DATE | DESCRIPTION OF WIRE |
|---|---|---|
| 1 | 02/01/2026 | Email from **KERR KRIISA**, posing as "Irene," to VICTIM-2, which involved a wire that originated outside the State of West Virginia and terminated in Morgantown, West Virginia |
| 2 | 02/02/2026 | Email from **KERR KRIISA**, posing as "Irene," to VICTIM-2, which involved a wire that originated outside the State of West Virginia and terminated in Morgantown, West Virginia |
| 3 | 02/02/2026 | Text message from **KERR KRIISA** to VICTIM-2, which involved a wire that originated outside the State of West Virginia and terminated in Morgantown, West Virginia. |
| 4 | 02/03/2026 | Email from **KERR KRIISA**, posing as "Irene," to VICTIM-2, which involved a wire that originated outside the State of West Virginia and terminated in Morgantown, West Virginia |
| 5 | 02/04/2026 | Text message from **KERR KRIISA** to VICTIM-2, which involved a wire that originated outside the State of West Virginia and terminated in Morgantown, West Virginia. |

All in violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATION

### *Wire Fraud*

1.      The allegations contained in Counts One through Five of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging the forfeitures below.

2.      Pursuant to Title 28, United States Code, Section 2461(c), Title 18, United States Code, Sections 981(a)(1)(C), 1956(c)(7)(A), 1961(1), and Title 21, United States Code, Section 853, the government will seek the forfeiture of property as part of the sentence imposed in this case; that is, the forfeiture of any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of Title 18, United States Code, Section 1343, including a money judgment for the amount of such proceeds, specifically at least approximately $2,200,000.

3.      Pursuant to Title 28, United States Code, Section 2461(c), the government will seek forfeiture of substitute property up to the value of property subject to direct forfeiture that is not available for forfeiture on account of any act or omission contemplated by Title 21, United States Code, Section 853(p)(1).

A true bill,

/s/_____
Foreperson

/s/_____
MATTHEW L. HARVEY
United States Attorney

Jarod J. Douglas
Assistant United States Attorney

Morgan S. McKee
Assistant United States Attorney